NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 3, 2011
Decided April 2, 2013

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

RICHARD L. YOUNG, *District Judge*[*]

No. 10-3352

JOSE D. SORIANO,
      *Plaintiff-Appellant,*

v.

TOWN OF CICERO, et al.,
      *Defendants-Appellees.*

Appeal from the United States District
Court for the Northern District of Illinois,
Eastern Division.

No. 06-CV-00774

John W. Darrah,
*Judge.*

**ORDER**

After an extensive chase, officers finally cornered Jose Soriano's van, but Soriano refused
their orders that he get out. Soriano's van bumped an officer, the officer jumped on the hood
to avoid being run over, and Soriano continued to go forward with the officer on its hood.
Another officer, fearing that his fellow officer's life was in imminent danger, fired at Soriano,
injuring him. Although Soriano maintains that the officers used excessive force, Soriano fails
to challenge the district court's ruling that the officers were entitled to qualified immunity on

---

[*]Chief Judge of the United States District Court for the Southern District of Indiana,
sitting by designation.

this claim. Nor did he respond to the officers' assertion of qualified immunity before the district court. In light of his failure to challenge the district court's ruling that qualified immunity prevents him from bringing his excessive force claim, he has waived that claim. Even if it were not waived, the criminal jury's verdict that he was guilty of aggravated battery of a police officer in this same incident means that in this civil suit, we must assume that Soriano's actions were intentional. As a result, his excessive force claim would likely fail on the merits as well. We affirm the district court's grant of summary judgment in favor of the defendants.

## I. BACKGROUND

We recount the narrative that follows in the light most favorable to Soriano, the non-moving party at summary judgment. *Embry v. City of Calumet City*, *Ill.*, 701 F.3d 231, 234 (7th Cir. 2012). As Soriano was driving in Cicero, Illinois on April 11, 2004, Officer Steve Hendrick pulled up behind Soriano's vehicle and turned on his police lights. Soriano pulled over to the side of the road, saw a uniformed officer coming toward him, and noticed him check his gun. Soriano waited until the officer reached the bumper of Soriano's vehicle, and then, thinking the officer had "bad intentions," drove away. Although officers followed him with lights activated, Soriano failed to stop. He nearly struck two police officers and a civilian during the pursuit, began to turn the wrong way down a one-way street, and struck a parked car.

Soriano's vehicle eventually came to a rest on 27th Avenue in Chicago. Although police officers had been pursuing him with lights activated and he saw an officer approach his van, Soriano did not put his vehicle into park. Officer Dino Vitalo approached Soriano's vehicle on Soriano's passenger side. Officer Vitalo testified that Soriano failed to obey repeated orders to place his vehicle into park and to get out. The officer testified that he then saw Soriano bump Officer Jason Stroud with his vehicle and watched as Soriano's vehicle accelerated with Officer Stroud on its hood. Officer Vitalo testified that fearing for Officer Stroud's life, Vitalo fired and shot Soriano, injuring him.

Soriano was arrested and charged in Illinois state court with attempted first degree murder, aggravated battery of a peace officer with a dangerous weapon, and aggravated fleeing and eluding. The jury in the criminal case convicted him of aggravated battery and aggravated fleeing and eluding, and it acquitted him of attempted first degree murder. He was sentenced to five years' imprisonment. The state appellate court affirmed Soriano's convictions.

While the criminal case against him was pending, Soriano filed this suit in federal court against Officers Dino Vitalo, Jason Stroud, Vito Pacione, Steve Hendrick, Scott Harris, Jeff Pawelski, and the Town of Cicero. Soriano alleged claims for excessive force under 42 U.S.C. § 1983, failure to intervene under 42 U.S.C. § 1983, a state law battery claim, and a state law indemnification claim. The district court granted the defendants' motion for summary

judgment on all claims. Soriano appeals, challenging the ruling only on his excessive force claim.

## II. ANALYSIS

We review a district court's grant of summary judgment de novo, drawing all reasonable inferences and viewing all facts in the non-movant's favor. *Fitzgerald v. Santoro*, 707 F.3d 725, 730 (7th Cir.2013). Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Fitzgerald*, 707 F.3d at 730.

A party must develop in its appellate brief any arguments it wishes this court to consider, or we will deem them waived or abandoned. *Duncan v. State of Wis. Dep't of Health and Family Servs.*, 166 F.3d 930, 934 (7th Cir. 1999) (finding appellants waived Fourteenth Amendment claims where district court had granted defendants qualified immunity on these claims, yet appellant did not address qualified immunity in appellate brief). Here, the district court ruled in its decision granting summary judgment to the defendants that the officer defendants were entitled to qualified immunity on all of Soriano's claims, including the excessive force claim he argues on appeal. Yet Soriano's brief never mentions or discusses qualified immunity. And, we note, although the appellees' main argument in their appellate brief is that we should affirm the summary judgment ruling on the basis of qualified immunity, Soriano did not file a reply brief on appeal. Soriano did not respond to the issue of qualified immunity at the summary judgment stage either. When the defendants filed their motion for summary judgment, they asserted and argued qualified immunity as one of the reasons for their request. Soriano responded to the motion but never addressed or mentioned qualified immunity. Soriano's failure to argue that the defendants should not receive qualified immunity is significant because Soriano, as the plaintiff, has the burden of establishing that the defendants violated a clearly established constitutional right and that they therefore are not entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223 (2009). And the qualified immunity analysis in this area of the law depends on the facts of each case. *Brosseau v. Haugen*, 543 U.S. 194, 201 (2004) (per curiam). Soriano's failure to contest the district court's decision that the officers are entitled to qualified immunity means he has waived the opportunity to do so. *See Duncan*, 166 F.3d at 934.

Soriano's suit also named the Town of Cicero as a defendant, but he makes no argument as to why the Town is liable for the actions of its officers. A municipality like the Town of Cicero cannot be held liable for a constitutional violation in the absence of a custom, policy or practice that effectively caused or condoned the alleged violations. *See Monell v. New York Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Matthews v. City of East St. Louis*, 675 F.3d 703, 709 (7th Cir. 2012). Soriano does not suggest that such a custom, policy, or practice exists, nor does the record suggest one. Soriano has therefore waived any argument against the Town either.

Even if Soriano had not waived his claim on appeal, we would likely affirm the grant of summary judgment in the defendants' favor. Soriano maintains there is a genuine issue of material fact that precludes summary judgment on his excessive force claim, specifically whether when his van bumped Officer Stroud: (1) Soriano's van inadvertently jerked forward a few inches, and it was not accelerating, or (2) the van was accelerating. He argues that the dispute is material because it impacts whether the van was being used as a deadly weapon and whether an objectively reasonable officer would have believed Officer Stroud or someone else faced a threat of serious bodily harm or death.

Soriano testified in a deposition in this civil proceeding. But although on summary judgment we generally view the facts in this record in the light most favorable to him, *see Scott v. Harris*, 550 U.S. 372, 378 (2007), we must also keep in mind that a criminal jury convicted Soriano of aggravated battery of a police officer with a deadly weapon arising out of the same incident. Under Illinois collateral estoppel law, which applies here, an issue cannot be relitigated if the issue decided in the prior adjudication is the same as the one presented in the current suit, there was a final judgment on the merits in the prior adjudication, and the party against whom estoppel is asserted was the same in the prior case. *Brown v. City of Chicago*, 599 F.3d 772 (7th Cir. 2010) (applying collateral estoppel in § 1983 excessive force case). The guilty verdict that the jury returned on the aggravated battery charge required it to find that Soriano "*intentionally* caused bodily harm to Jason Stroud, knew Jason Stroud to be a peace officer, and that [Soriano] knew that Jason Stroud was engaged in the execution of his official duties." (Emphasis added). Because the aggravated battery conviction required the jury to find that Soriano intentionally caused bodily harm to Officer Stroud, Soriano cannot now argue that he did not strike the officer or that he did not mean to do so.

So given Soriano's battery of Officer Stroud, which we must accept as true in light of the criminal jury verdict, the question would be whether Officer Vitalo was justified in shooting Soriano. *See Brengettcy v. Horton*, 423 F.3d 674, 682-83 (7th Cir. 2005). We evaluate excessive force claims under the Fourth Amendment's reasonableness standard. *Padula v. Leimbach*, 656 F.3d 595, (7th Cir. 2011). A police officer may use deadly force when another person presents an immediate danger of serious harm to the officer or others. *Estate of Starks v. Enyart*, 5 F.3d 230 (7th Cir. 1993). The determination of the reasonableness of force used must allow for the fact that "police officers are often forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation." *Graham*, 496 U.S. at 396.

In this case, in light of the criminal jury verdict, the circumstances include that Soriano intentionally struck Officer Stroud with his vehicle. Although Soriano maintains that the genuine issue of material fact is whether his van inadvertently jerked forward a few inches, or the van was accelerating, the jury verdict means that he cannot contend in this civil suit that the van only jerked forward inadvertently. The circumstances also include that a vehicle may

be used as a deadly weapon, *Scott v. Edinburg*, 346 F.3d 752 (7th Cir. 2003), and Soriano had just evaded the police's attempts to pull him over during an extended chase that included him turning the wrong way on a one-way street and hitting a parked car. Our decision in *Starks* is instructive. There, a factual dispute existed as to whether an officer moved in front of the decedent's fast-moving vehicle, leaving him no time to brake. 5 F.3d at 234. We said that if the officer "was in the path of the car before the car started forward or if the factfinder concludes that [the decedent] could have braked but chose not to, then the three defendants reasonably responded to his acceleration toward [the officer]. [The decedent] would have threatened the life of a police officer, and reasonable officers could believe that the use of deadly force was appropriate." *Id.* Here, Officer Stroud was in the path of the van before Soriano started forward, and the criminal jury found that Soriano intentionally harmed Officer Stroud. Under the circumstances in this case, upon seeing Soriano's vehicle accelerate with Officer Stroud on its hood, a reasonable officer could believe that the life of a police officer was threatened, and that the shooting was justified.

### III. CONCLUSION

The judgment of the district court is AFFIRMED.